IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IBRAHIMA DIAKITE,

      Plaintiff,

v.                                   Case No. 24-4075-JWB

KANSAS EMPLOYMENT SECURITY
BOARD OF REVIEW,

      Defendant.

**ORDER**

This matter is before the court on Defendant's motion to dismiss Plaintiff's complaint (Doc. 3.) Defendant filed its motion to dismiss on September 6, 2024. Plaintiff failed to respond to the motion, and the time to do so has now passed. The motion is GRANTED for the reasons stated herein.

Plaintiff quit his job and sought unemployment insurance benefits pursuant to the Kansas Employment Security Law, ("KESL"), K.S.A. § 44-701, *et. seq.* (Doc. 1 at 1–2.) The Secretary of the Kansas Department of Labor administers the unemployment insurance program. *See* K.S.A. § 44-714(a). On March 27, 2024, an examiner for the Department of Labor disqualified Plaintiff from receiving unemployment insurance benefits under KESL. (Doc. 1-1 at 19.)[1] Plaintiff appealed the disqualification. (*See id.* at 11.) An appeals referee held a hearing on May 9, 2024. (*Id.*) The referee affirmed the examiner's disqualification. (*Id.* at 13.) It appears that Plaintiff

---

[1] Although this case is before the court on Defendants' motions to dismiss, the court may take judicial notice of public records in deciding a motion to dismiss when those records concern matters that bear directly upon the disposition of this case. *Hodgson v. Farmington City*, No 16-4120, 675 F. App'x 838, 840–41 (10th Cir. Jan. 10, 2017). Thus, the court takes judicial notice of the decisions concerning Plaintiff's unemployment insurance benefits attached as exhibits to his complaint. (Doc. 1-1 pp. 7–13, 19–20.)

1

attempted to appeal the referee's order to the Employment Security Board, however, it was not timely filed and the referee's determination became final. (*See id.* at 7.) On the first page of the Employment Security Board's order in bold type, it states: "[i]f a party desires to appeal the decision of the Board, a Petition for Judicial Review must be filed *in state district* court within the 16-day period of time." (*Id.* at 7.) (emphasis added).

Plaintiff filed his complaint in federal court on August 5, 2024. (*See* Doc. 1). In Plaintiff's civil cover sheet, (Doc. 2), he selected federal question jurisdiction as the basis of jurisdiction for his claim. (*Id.* at 1.) In the section where a party identifies the *federal* statute that provides a party's cause of action, Plaintiff named K.S.A. § 44-709(i) and K.S.A. § 77-601, *et. seq.* (*Id.*) He then asserted that his cause of action was a petition for judicial review. (*Id.*) Clearly, Plaintiff filed his petition for review in federal court instead of state court.

Defendant argues that Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), (Doc. 3 at 3–4), or for failing to state a claim upon which relief can be granted under 12(b)(6). (*Id.* 4–5.) Because the court does not have subject matter jurisdiction over Plaintiff's complaint, there is no need to address Defendant's 12(b)(6) argument.

"Different standards apply to a motion to dismiss based on lack of subject matter jurisdiction under Rule 12(b)(1) and a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012). When the court is faced with a motion invoking both Rule 12(b)(1) and 12(b)(6), the court must first determine that it has subject matter jurisdiction over the controversy before reviewing the merits of the case under Rule 12(b)(6). *Bell v. Hood*, 327 U.S. 678, 682 (1946). Because federal courts are courts of limited jurisdiction, a presumption exists against jurisdiction, and "the burden of

establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Plaintiff is also proceeding pro se.  As a general rule, a pro se litigant's pleadings are to be "construed liberally" and held to a "less stringent standard" than pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, a court must not become an advocate for a pro se litigant.  *See id.*  Additionally, a court cannot discover new facts for the plaintiff nor "construct a legal theory . . . that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).  Put differently, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall*, 935 F.2d at 1110.

Plaintiff made no attempt to establish that the court had subject matter jurisdiction pursuant to federal question jurisdiction, 28 U.S.C. § 1331.  Nor could he demonstrate that this court has subject matter jurisdiction over his claim.  KESL requires a party to seek judicial review of a decision from the Employment Security Board in accordance with the Kansas Judicial Review Act.  *See* K.S.A. § 44-709(i).  And under the Kansas Judicial Review Act, a *state* district court, not a federal district court, has jurisdiction to review Employment Security Board decisions.  K.S.A. § 77-609(a).[2]  Additionally, the Kansas state legislature cannot confer subject matter jurisdiction to federal district courts; that authority is solely in the hands of Congress. *See Kontrick v. Ryan*, 540 U.S. 443, 452 (2004).

---

[2] Defendant correctly argues that the court does not have subject matter jurisdiction over Plaintiff's claim.  However, its analysis incorrectly focuses on the aspects regarding venue in K.S.A. § 77-609(b).  Subject matter jurisdiction and venue are different concepts, and one should not be confused for the other.  *See Presidential Hosp., LLC v. Wyndham Hotel Grp., LLC*, 333 F. Supp. 3d 1179, 1206 (D.N.M. 2018).  Venue pertains to the appropriate location to file a lawsuit that is convenient for both the court and parties involved in the action.  *See id.*  By contrast, subject matter jurisdiction "concerns a court's competency to adjudicate a particular category of cases." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 316 (2006).

THEREFORE, this court does not have subject matter over Plaintiff's claim. ACCORDINGLY, his complaint is DISMISSED.

IT IS SO ORDERED.  Dated this 31st day of March, 2025.

/s/ Judge John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

4